## J. H. HOWLAND, SUPERINTENDENT OF HONOLULU WATER WORKS, *v.* OAHU RAILWAY & LAND COMPANY.

SUBMISSION WITHOUT ACTION.

ARGUED APRIL 5, 1905. . DECIDED APRIL 10, 1905.

HARTWELL AND WILDER, JJ., AND CIRCUIT JUDGE DE BOLT IN PLACE OF FREAR, C.J.

The question of law submitted by the parties is whether the Oahu Railway & Land Company "is exempt under the public statutes of the Territory and under its charter and contract with the Minister of the Interior" from the payment of "water rates from the government pipes in Honolulu, to wit: Water at its round-house for the purpose of supplying locomotives with water; water at its station in Honolulu for ordinary lavatory and irrigation purposes, and other water necessary for the purposes of its railroad." The superintendent of Honolulu water works demanded of the defendant $151.50 for the six months ending December 31, 1904, and a like sum for the six months ending June 30, 1905, for the water which was used by the defendant for the purposes above mentioned.

The General Railway Law of 1878, sections 783, 784, R. L., authorized a contract to be made with persons associated together under the general corporation law for building and operating a railroad, granting to such corporation right-of-way through government lands and such government lands "as may be necessary for their buildings, stations, depots, and stores, or other structures, and also the free use of water, to any corporation as aforesaid for the purpose of building such

railroad or railroads." The Oahu Railway Act, Chapter 65, authorized a contract with a corporation organized under section 810, R. L., "for the constructing and operating on the island of Oahu a steam railroad" and in such contract to confer upon such corporation "all such rights and privileges as to the acquisition of rights-of-way and other privileges for the construction, maintenance and operation of such roads, together with all depots, stations, yards, crossings, wharves and equipments as are set forth in chapter 64, except as the same are modified by the provisions of this chapter."

Per curiam: The contract and the statute on which it was based authorized the use of the government water for which the plaintiff's demand was made, not only in the construction but also in the maintenance and operation of the railroad.

*Attorney General Andrews* for plaintiff.

*Ballou & Marx* for defendant.